FILED
 2016 Aug-02 PM 01:23
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TERRY E. DEESE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) Case No. 4:13-cv-01544-HGD |
| | ) |
| DEPARTMENT OF THE ARMY, et al., | ) |
| | ) |
|     Defendants | ) |

## MEMORANDUM OPINION

This matter is before the undersigned U.S. Magistrate Judge based on the consent of the parties pursuant to 28 U.S.C. § 656(c). (Doc. 20). Plaintiff, Terry E. Deese, is a former employee at the Anniston Army Depot where he held the position of Painting Worker. He alleges that he was removed from this position in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.*, as further amended by the Americans with Disabilities Amendments Act of 2008.

Defendants, Department of the Army and John McHugh, in his capacity as Secretary of the Army, have moved for summary judgment. (Doc. 16). Plaintiff has filed a response (Doc. 17), to which defendants have filed a reply (Doc. 18). The matter is now ready for disposition.

**FACTUAL BACKGROUND**

The facts are essentially undisputed. Deese was employed as a Painting Worker at the Anniston Army Depot (ANAD) in Anniston, Alabama, beginning on July 11, 2005. He was initially hired on an excepted service term appointment not to exceed August 10, 2006. However, his appointment was extended annually for additional one-year terms. (DX 2, Fact-Finding Conference Transcript (FFC Tr.) at 66).

Term employees are hired for a specific task or project and can only be transferred to a like-term position. (*Id.* at 127-29). Under the applicable Army and ANAD policy and procedure, reassignment as a reasonable accommodation for a disability is an accommodation of last resort, and reassignments are only made to vacant positions. (DX 3, Army Procedure for Reasonable Accommodation for Individuals with Disabilities, at 10; DX 4, ANAD Reasonable Accommodation Policy, at 10). Because term employees are hired for a specific task, such as a Painting Worker, they can only be reassigned as an accommodation to like-term work. (DX 2, FFC Tr., at 125, 127).

The major part of a Painting Worker's duties involves the spraying or brushing of paint onto a variety of assemblies, sub-assemblies or parts. (DX 5, Painting Worker Position Description). The vacancy announcement for plaintiff's position

specifically provides that the incumbent "is exposed to fumes and spray and is required to wear protective equipment such as apron, boots and respirator." (DX 6, Vacancy Announcement).

James Floyd, Supervisor, Final Paint Branch, was plaintiff's first-line supervisor. Wilburn Sparks, Chief, Cleaning & Finishing, was his second-line supervisor. (DX 2, FFC Tr., at 10).

On October 13, 2011, plaintiff presented Mr. Floyd with medical documentation stating that he could not be exposed to fumes, chemicals, paints and aprays, and that he must be moved to a different environment. (DX 7, Dr. Shubair 10/12/11 Certification to Return to Work). Plaintiff testified that, if he were not moved out of the painting area, his condition would have continued to deteriorate and he would have eventually been put on oxygen. (DX 2, FFC Tr., at 36). Floyd immediately moved plaintiff out of his work area to a break room that was free from fumes and chemicals. (*Id.* at 15-19). After a period of time in the break room, plaintiff was temporarily placed working at the wash rack and the upholstery shop. (*Id.* at 20-22). However, there were no vacant like-term positions within the division, and plaintiff could not be permanently reassigned. (DX 2, FFC Tr., at 30, 65, 128).

On November 15, 2011, Mr. Sparks recommended that plaintiff be removed from his term employment for physical inability to perform his assigned duties as a Painting Worker. (DX 8, Notice of Proposed Removal).

On December 21, 2011, plaintiff's doctor, Dr. Mohammed Shubair, M.D., noted that plaintiff had advised that he had been moved to a place at work where there was no diluted contact with chemicals but that he continued to cough. He opined that the only way plaintiff's health would improve was "for him to be completely away from fumes and chemicals" and that he did not believe that plaintiff would "ever be able to be around these toxins again with[out] damaging his lungs further." (DX 9, Letter from Dr. Shubair).

On January 4, 2012, Patricia Sparks, Valve Stream Manager, Manufacturing, Cleaning & Finishing, sustained the proposal to remove plaintiff from his job based on his physical inability to perform his assigned duties, effective January 7, 2012. (DX 10, Sparks Removal Decision).

## SUMMARY JUDGMENT STANDARD

Defendants have filed a motion for summary judgment with regard to the plaintiff's claim. (Doc. 16). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56(a). Defendants, as the

parties seeking summary judgment, bear the initial responsibility of informing the district court of the basis for their motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrates the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact is shown when the non-moving party produces evidence so that a reasonable factfinder could return a verdict in his favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether the non-moving party has met his burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter; the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992). However, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). A "mere scintilla of evidence"

in support of the non-moving party also cannot overcome a motion for summary judgment. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

### DISCUSSION

Plaintiff alleges that his dismissal violated the Americans with Disabilities Act (ADA).[1] Plaintiff notes that, prior to his dismissal, he worked at the wash rack and in the upholstery department without problems from fumes and chemicals. (DX 2, FFC Tr., at 31-32; 48; DX 13, Deese Depo., at 33-35). Plaintiff states that he exhibited that he was able to perform the essential functions of the positions he was reassigned to in the upholstery shop and the wash rack, before his termination. (DX 2, FFC Tr., at 23-24, 39; DX 13, Deese Depo., at 9). He admits that he is unable to return to his job as a Painter Worker.

> The ADA requires an employer to make "reasonable accommodations" to an otherwise qualified employee with a disability, "unless doing so would impose [an] undue hardship." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (citing 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.9(a)). An accommodation is only reasonable if it allows the disabled employee to perform the essential functions of the job in question. *Id.* What constitutes a reasonable accommodation depends on the circumstances, but it may include "job restructuring,

---

[1] Plaintiff's claim is against the a branch of the United States government. Therefore, he is actually pursuing a remedy under the Rehabilitation Act, as noted above. However, the two acts are virtually indistinguishable with regard to the basis for plaintiff's claim, and analysis of a claim under the ADA is equally applicable for a claim under the Rehabilitation Act. *See Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *Haysman v. Food Lion, Inc.*, 893 F.Supp. 1092, 1102 n.1 (S.D.Ga. 1995).

part-time or modified work schedules, [and] reassignment to a vacant position" among other things. 42 U.S.C. § 12111(9)(B).

*Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016).

Plaintiff was hired as a term employee with a job-specific designation of Painter Worker. Although he was allowed to work for short periods of time as a washer and in the upholstery shop, neither of these jobs was related to his work as a painter. Plaintiff asserts that he should have been reassigned to one of these positions for 120 days which would last until his current work contract expired. However, rather than providing him with a reasonable accommodation so that he could continue to work as a painter, plaintiff's accommodation would excuse him from performing the job he was hired to perform at all. This is not a reasonable accommodation. *See Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 1997) ("The ADA covers people who can perform the essential functions of their jobs presently or in the immediate future.").

While it is true that plaintiff was allowed to perform two other jobs, prior accommodations do not make an accommodation reasonable. *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1528 (11th Cir. 1997); *see also Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124 (10th Cir. 1995) ("An employer is not required by the ADA to reallocate job duties in order to change the essential functions of a job."); *Larkins*

*v. CIBA Vision Corp.*, 858 F.Supp. 1572, 1583 (N.D.Ga. 1994) ("[R]easonable accommodation does not require an employer to eliminate essential functions of the position.").

Not requiring Deese to perform any of the essential functions of his job as a painter would place an undue burden on ANAD. *See Walton v. Mental Health Ass'n of Southeastern Pennsylvania*, 168 F.3d 661, 671 (3d Cir. 1999) (a requested accommodation, while possible, is not reasonable where the employee will not be performing any of the essential functions of his position). Here, *Holbrook, supra*, is informative. In *Holbrook*, the city accommodated a visually-impaired police detective for a significant period of time with respect to essential functions of his job which he could not perform without assistance. The court held that the city's decision to cease the accommodations did not violate the ADA because the city's original accommodations exceeded the level that the law required. *See* 112 F.3d at 1528. Similarly, allowing Deese to work as a washer and in the upholstery department exceeded the requirements of reasonable accommodation under the ADA, and ANAD's decision to discontinue the accommodation does not give him a cause of action against it.

Therefore, based on the foregoing, defendants' motion for summary judgment is due to be granted. A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 2nd day of August, 2016.

                                          HARWELL G. DAVIS, III
                                   UNITED STATES MAGISTRATE JUDGE